UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL HOME LOAN MORTGAGE COMPANY,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>PAUL A FRYE, et. al<br><br>　　　　　　　Defendants. | CASE NO. C15-324 MJP<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND |

THIS MATTER comes before the Court on Plaintiff's motion to remand. (Dkt. No. 6.) Having reviewed the motion and record, and noted the absence of any opposition, the Court GRANTS the motion and REMANDS this matter to state court.

**Background**

This is an unlawful detainer action. On June 20, 2014, Plaintiff acquired title to real property located at 29020 23rd Place South, Federal Way, WA 98003 at a nonjudicial foreclosure sale. (Dkt. No. 6 at 1.) The Trustee's Deed to the property was issued to Plaintiff on June 25, 2014. (Dkt. No. 1-2 at 7-11.) Plaintiff filed suit against Defendants in King County

ORDER GRANTING PLAINTIFF'S MOTION TO
REMAND- 1

1  Superior Court on December 29, 2014.  (Dkt. No. 1-2 at 27.)  Defendants were served with

2  summons and complaint in this matter on January 20, 2015.  (Dkt. No. 6 at 1.)  On March 3,

3  2015, Defendants removed this case to the District Court for the Western District of Washington.

4  (Dkt. No. 1.)  Plaintiff moves to remand this case to state court on the grounds that this Court

5  lacks jurisdiction.  (Dkt. No. 6.)  Defendants have filed no opposition to the motion.  Under

6  Local Rule CR 7(b)(2), ". . . if a party fails to file papers in opposition to a motion, such failure

7  may be considered by the court as an admission that the motion has merit."  The Court construes

8  Defendants' failure to respond as an admission that Plaintiff's motion has merit.

## Discussion

### A. Legal Standard

A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction.  28 U.S.C. § 1441.  However, "[i]t is to be presumed that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction.  The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper, and that the court resolves all ambiguity in favor of remand to state court."  Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (internal quotation marks and citations omitted).

### B. Defendants' Removal Notice

Defendants appear to treat their removal notice as a complaint and attempt to assert counter-claims against Plaintiff by means of the removal notice.  (Dkt. No. 1.)  The Court advises Defendants that this form is improper.  Defendants cannot assert counter-claims in a

removal notice; therefore, any counter-claims asserted in the removal notice do not establish jurisdiction.

### C. Diversity Jurisdiction

Defendants have not established diversity jurisdiction. Diversity jurisdiction requires complete diversity of citizenship between the parties and an amount in controversy in excess of $75,000. 28 U.S.C. §1332. Plaintiff seeks issuance of a Writ of Restitution so that it may obtain possession of property that Defendants no longer own, because a foreclosure sale has taken place. (Dkt. No. 1-2 at 5.) Plaintiff argues it is not seeking rents or attorney's fees from Defendants and that "even if [it] were, it would not be enough to meet the monetary requirement." (Dkt. No. 6 at 3.) Defendants fail to provide any explanation in their notice of removal as to why the amount in controversy would exceed $75,000 in this unlawful detainer action. (Dkt. No. 1 at 1-2) ("This is an action for possession of property, as well as damages that exceed $75,000.00.") Because Defendants fail to establish that the amount in controversy requirement is met and because it does not appear, from Plaintiff's complaint, that the amount in controversy requirement can be satisfied in this case, (See Dkt. No. 1-2), removal based on diversity jurisdiction is improper.

### D. Federal Question Jurisdiction

Likewise, Defendants have not established federal question jurisdiction. 28 U.S.C. §1331 provides that federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Here, Plaintiff's claim is strictly based on state law. (Dkt. No. 1-2 at 2-3) (citing RCW 61.24.060, 59.12.) Therefore, removal based on federal question jurisdiction is improper.

/

## Conclusion

Because it lacks jurisdiction, the Court GRANTS Plaintiff's motion and remands this case to state court. The Court DENIES Defendant Paul A. Frye's pending motion for leave to proceed in forma pauperis as moot, (Dkt. No. 5).

The clerk is ordered to provide copies of this order to all counsel.

Dated this 1st day of April, 2015.

Marsha J. Pechman
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND- 4